**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WAHL CLIPPER CORPORATION, | Civil Action No. |
| Plaintiff, | Judge: |
| v. | **JURY DEMANDED** |
| MANSCAPED, LLC and MANSCAPED, INC., | |
| Defendants. | |

## COMPLAINT

Plaintiff Wahl Clipper Corporation ("Wahl" or "Plaintiff"), by counsel, for its Complaint against Defendants Manscaped, LLC and Manscaped, Inc. (collectively "Manscaped" or "Defendants"), alleges as follows:

### PARTIES

1.      Plaintiff is a corporation organized under the laws of the State of Illinois with its principal place of business located at 2900 North Locust Street, Sterling, IL 61081.

2.      Upon information and belief, Defendant Manscaped, LLC is a limited liability company organized under the laws of the State of California with its principal place of business located at 235 N. Rios Ave., Solana Beach, CA 92075.

3.      Upon information and belief, Defendant Manscaped, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business located at 9240 Trade Place, Suite 100, San Diego, CA 92126.

## JURISDICTION AND VENUE

4.  This action arises under the laws of the United States and under Illinois Law.

5.  This action is brought pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1114; Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); Section 1119 of the Lanham Act, 15 U.S.C. § 1119; Illinois Statutory Law, 815 ILCS 505 and 815 ILCS 510/2; and the common law of unfair competition.

6.  This court has personal jurisdiction over the Defendants at least because, upon information and belief, Defendants operate the website www.manscaped.com through which Defendants market and sell the goods at issue throughout the United States, including this judicial District in the State of Illinois, conduct business in this judicial District, market and sell goods in this judicial District, and otherwise direct its marketing, advertising, and business to customers and potential customers in this judicial District through the stream of commerce, and Defendants have caused harm in this judicial district.

7.  This court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§1331, 1338 and 15 U.S.C. § 1121 because the complaint states claims that arise under federal law and present federal questions. The court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) at least because the Defendants are doing business in this judicial district, and a substantial part of the events giving rise to the claims occurred in this district.

## BACKGROUND FACTS

Plaintiff's Business and Trademark

9.      Plaintiff is a worldwide leader in the manufacture and sale of products for the retail

consumer and professional beauty and barber markets, and for the last 100 years, Plaintiff

has been manufacturing and selling hair clippers, trimmers, shavers, and related goods.

10.     For almost a decade, Plaintiff has used the MANSCAPER mark continuously in U.S.

interstate commerce on and in connection with its clipper, trimmer, and/or shaver goods.

11.     Plaintiff also owns a valid federal trademark registration for MANSCAPER for use in

connection with "electric hair clippers, electric hair trimmers and electric shavers" (Reg.

No. 3,686,397). A copy of the federal trademark registration certificate for this mark is

attached hereto as **Exhibit A**.

12.     Plaintiff's Federal Trademark Registration No. 3,686,397 for MANSCAPER is in full

force and effect on the Principal Trademark Register and has become incontestable

pursuant to 15 U.S.C. § 1065. As such, Plaintiff's trademark registration constitutes

conclusive evidence of the validity and ownership of the MANSCAPER trademark.

13.     In addition to the MANSCAPER Registered Mark, due to Plaintiff's nationwide use and

promotion of the MANSCAPER goods for almost a decade, Plaintiff possesses

significant common law rights in the MANSCAPER Mark (Plaintiff's common law

rights in MANSCAPER, together with the MANSCAPER Registered Mark, are referred

to collectively as the "MANSCAPER Mark" or "Plaintiff's Mark").

14.     Products designed, manufactured, and/or sold by Plaintiff and bearing Plaintiff's

MANSCAPER Mark have been advertised and sold throughout the United States and

within the State of Illinois and this District.

15.     As a result of Plaintiff's excellent reputation, and through advertising, use, and sales for

almost a decade, Plaintiff's MANSCAPER Mark has engendered a public recognition of,

and association with, Plaintiff as the source of products bearing Plaintiff's MANSCAPER Mark.

16. Based on this public recognition and use in the United States, Plaintiff has developed extensive and valuable goodwill in its MANSCAPER Mark.

17. The MANSCAPER Mark has become associated exclusively with Plaintiff in the minds of consumers.

<u>Defendants' Infringement and Unfair Competition</u>

18. Upon information and belief, on January 23,2018 Defendant Mandscaped, Inc. incorporated in accordance with the laws of the State of Delaware, under the trade name MANSCAPED, INC. and began promoting and selling goods under the mark MANSCAPED.

19. Upon information and belief, on March 2, 2018, Defendant Mandscaped, LLC incorporated in accordance with the laws of the State of California, under the trade name MANSCAPED, LLC and began promoting and selling goods under the mark MANSCAPED.

20. Upon information and belief, in August 2017, nearly ten years after Plaintiff had obtained its trademark registration in the MANSCAPER Mark and began using the MANSCAPER Mark in interstate commerce for trimmer, clipper, and shaver goods, Defendants began using "MANSCAPED" and on September 25, 2018, registered the trademark MANSCAPED REFINING THE GENTLEMAN ("Infringing Marks") with the United States Patent & Trademark Office—Registration No. 5,569,524--in connection with the marketing and sale of various trimmer, shaver, and shaving related goods ("Defendants' Goods").

21.   The Infringing Marks, specifically the dominant portions, are virtually identical in appearance, sound, and commercial impression to Plaintiff's MANSCAPER Mark differing only by a single letter at the end of each word.

22.   Defendants' domain name, www.manscaped.com, incorporates the Infringing Mark MANSCAPED, and its website displays the Infringing Marks to promote Defendants' Goods in the same market as Plaintiff. Representative examples of Defendants' use of the Infringing Marks on its website are attached as **Exhibit B**.

23.   Defendants' social media pages and handles also incorporate the Infringing Mark. Representative examples of Defendants' use of the Infringing Marks on Defendants' social media pages and handles are attached as **Exhibit C**.

24.   Defendants' physical goods also bear the Infringing Marks as shown in **Exhibit D**.

25.   Defendants' Goods are identical to the trimmer, clipper, and shaver goods offered under Plaintiff's MANSCAPER Mark.

26.   Defendants market and sell Defendants' Goods under its Infringing Marks in the same trade channels, and to identical consumers.

27.   Defendants have adopted and are making prominent use of the MANSCAPED Mark in a non-descriptive manner in connection with Defendants' Goods, directly contravening Plaintiff's stated objections and in violation of Plaintiff's trademark rights.

28.   Defendants' use of the Infringing Marks, in interstate commerce, is likely to cause customer confusion with Plaintiff's established MANSCAPER Mark.

29.   Since learning of Defendants' use of the Infringing Marks and prior to commencement of this action, Plaintiff attempted to have Defendants voluntarily cease their illegal and infringing uses of its Marks..

30.   On April 4, 2019, Plaintiff sent a letter to Defendants, via Certified Mail, notifying them of Plaintiff's superior exclusive nationwide rights in the MANSCAPER Mark and its concern that Defendants' use of the Infringing Marks is likely to cause consumer confusion. **Exhibit E.**

31.   In response, on April 6, 2019, Defendants, through counsel, replied to Plaintiff via return letter, refusing to comply with Plaintiff's demand to cease use of the Infringing Marks. **Exhibit F.**

32.   Notwithstanding Plaintiff's objections to the Infringing Marks, Defendants continue to use them as a designation of Defendants' goods, and this continues to create a likelihood of confusion.

33.   Defendants are using the Infringing Marks with actual knowledge of Plaintiff's trademark rights, and with an intention to capitalize on the reputation and goodwill of Plaintiff, to confuse and deceive consumers, and to unfairly compete with Plaintiff.

34.   Plaintiff has not authorized, licensed, or otherwise endorsed Defendants' use of its Infringing Marks.

35.   Defendants' use of the Infringing Marks in connection with its clipper, trimmer, and shaver related goods is likely to cause confusion, mistake, and deception among consumers, who are likely to believe that Defendants' Goods are associated or connected with, or approved or authorized by Plaintiff, or that Defendants' Goods originate from the same source as Plaintiff's Goods, when that is not the case.

36.   Defendants' unauthorized use of the Infringing Marks in the manner described above restricts Plaintiff's ability to control the nature and quality of the goods provided under

the MANSCAPER Marks, and places the valuable reputation and goodwill of Plaintiff in the hands of Defendants, over which Plaintiff has no control.

37.     All of the foregoing acts of Defendants have caused, and unless restrained by this Court, will continue to cause serious and irreparable injury and damage for which Plaintiff has no adequate remedy at law.

## COUNT I
## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS
## (LANHAM ACT, 15 U.S.C. § 1114(1))

38.     Plaintiff realleges paragraphs 1-37 of this Complaint as though fully set forth herein.

39.     Defendants' promotion, advertising, provision, sale, and offering for sale of its goods under the Infringing Marks are likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of said goods, and is intended and is likely to cause such parties to believe in error that the Defendants' Goods have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff, or that Defendants are in some way related to or affiliated with Plaintiff.

40.     Defendants' activities, as described herein, constitute infringement of the MANSCAPER Registered Mark in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1114.

41.     Defendants' use of the Infringing Marks in the promotion, advertising, and sale of its goods has been and continues to be willful, deliberate, unfair, false, deceptive, and is intended to trade upon the goodwill and reputation of the MANSCAPER Registered Mark.

42.     Defendants' acts have damaged and will continue to damage Plaintiff.

43.     As a result of these wrongful acts, Plaintiff is entitled to injunctive relief prohibiting

Defendants from using the MANSCAPER Registered Mark, or any marks confusingly similar thereto, in accordance with 15 U.S.C. § 1116, and to recover all damages that Plaintiff has sustained and will sustain, and all gains, profits, and advantages obtained by Defendants as a result of its infringing acts in an amount not yet known, as well as the costs of this action, attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(a).

**COUNT II**
**COMMON LAW TRADEMARK INFRINGEMENT**

44.  Plaintiff realleges paragraphs 1-43 of this Complaint as though fully set forth herein.

45.  Defendants' conduct complained of herein constitutes trademark infringement under the common law of the State of Illinois.

46.  Plaintiff used the MANSCAPER Marks in connection with its goods long before Defendants' first use of the Infringing Marks.

47.  Defendants' use of the Infringing Marks without authorization from Plaintiff in connection with its goods constitutes an infringement of Plaintiff's common law rights in the MANSCAPER Marks.

48.  Defendants' deceptive business practices, infringement, and unfair competition have been committed with the intent to cause confusion, to cause mistake, and to deceive.

49.  Defendants have unfairly competed with Plaintiff by the acts complained of, have done so intentionally, and have caused and, unless enjoined by this Court, will continue to cause irreparable harm, damage and injury to Plaintiff, which has no adequate remedy at law.

**COUNT III**
**UNFAIR COMPETITION**
**(LANHAM ACT, 15 U.S.C. § 1125)**

50.  Plaintiff realleges paragraphs 1-49 of this Complaint as though fully set forth herein.

51.  Defendants' conduct complained of herein constitutes federal unfair competition, false designation of origin, and false advertising pursuant to 15 U.S.C. § 1125(a).

52.  Defendants' intentional and unlawful use in commerce of the Infringing Marks is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval of Defendants by Plaintiff and therefore constitutes false designation of origin and false advertising, in violation of 15 U.S.C. § 1125(a).

53.  As a direct and proximate result of Defendants' knowing, deliberate, and willful infringement of the MANSCAPER Marks, Plaintiff has suffered and will continue to suffer harm to its business, reputation, and goodwill.

54.  As a result of these wrongful acts, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the MANSCAPER Marks, or any marks confusingly similar thereto, in accordance with 15 U.S.C. § 1116, and to recover all damages, that Plaintiff has sustained and will sustain, and all gains, profits, and advantages obtained by Defendants as a result of its infringing acts in an amount not yet known, as well as the costs of this action, attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(a), and an injunction ordering the destruction of all infringing articles pursuant to 15 U.S.C. § 1118.

## COUNT IV
## DECEPTIVE TRADE PRACTICES VIOLATING THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

55.  Plaintiff realleges paragraphs 1-54 of this Complaint as though fully set forth herein.

56.  Defendants' conduct in using the Infringing Marks causes a likelihood of confusion or misunderstanding as to the sponsorship, approval, affiliation, or connection of

Defendants' Goods, inasmuch as it gives rise to the incorrect belief that Defendant, or Defendants' Goods, have some connection to Plaintiff.

57.     This is in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

58.     As a result of these wrongful acts, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Infringing Marks, and costs and attorney's fees based on Defendants' intentional conduct, in accordance with the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/3.

**COUNT V**
**CANCELLATION OF DEFENDANTS' U.S. REG. NO. 5,569,524**

59.     Plaintiff realleges paragraphs 1-58 of this Complaint as though fully set forth herein.

60.     Defendant Manscaped, LLC obtained a registration of the MANSCAPED REFINING THE GENTLEMAN Mark under U.S. Registration No. 5,569,524, issued on September 25, 2018.

61.     Defendant's MANSCAPED REFINING THE GENTLEMAN Mark, when used in connection with the goods recited in Reg. No. 5,569,524 and in connection with electric trimmers, clippers, and shavers, so resembles Plaintiff's Mark, which was registered in the Patent and Trademark Office and previously used in the United States by Plaintiff and not abandoned, as to be likely to cause confusion, or to cause mistake, or to deceive in violation of Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

62.     Pursuant to Section 1119 of the Lanham Act, 15 U.S.C. § 1119, in any action involving a registered mark, the court may determine the right to registration and order the cancellation of a registration, in whole or in part.

63.     Defendant is not entitled to registration of the MANSCAPED REFINING THE

GENTLEMAN Mark, which infringes Plaintiff's MANSCAPER Mark and is likely to cause confusion, mistake, or deception, such that Reg. No. 5,569,524 should be ordered cancelled.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter Judgment finding, concluding, and declaring:

A. That Defendants' use of the Infringing Marks constitutes trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), a violation of the Illinois Uniform Deceptive Trade Practices Act, and common law trademark infringement under Illinois law, and that Defendants have been unjustly enriched as a result of its infringement;

B. That pursuant to Section 1119 of the Lanham Act, 15 U.S.C. § 1119, Defendants' Registration No. 5,569,524 be ordered cancelled.

C. That Defendants and their owners, parent companies, subsidiary companies, related companies, successors, assigns, officers, directors, agents, employees and attorneys, and all persons or entities in active concert, participation, or privity with any of them, be preliminarily and permanently enjoined, pursuant to 15 U.S.C. §1116 and applicable state laws, from:

1. Using Defendants' Infringing Marks, including all formative variations, or any other names, marks or slogans in connection with clippers, trimmers, shavers, and shaving related goods that are likely to cause confusion, mistake or deception with respect to Plaintiff's Mark;

2. Operating under any domain name or social media accounts containing the

Infringing Marks or Plaintiff's Marks, including all formative variations, or any other names, marks or slogans;

3. Doing any other act or thing likely to induce the mistaken belief that Defendants or Defendants' Goods are in any way affiliated, connected, or associated with Plaintiff or its goods, or doing any other act or thing likely to cause confusion with respect to the Plaintiff's Marks;

4. Trading on the goodwill associated with the Plaintiff's Marks and passing off its goods as those of Plaintiff;

5. Injuring Plaintiff's business reputation and the goodwill associated with the Plaintiff's Marks and from otherwise unfairly competing with Plaintiff in any manner whatsoever.

D. That, pursuant to 15 U.S.C. § 1118, Defendants be ordered to deliver up for destruction all materials, including but not limited to labels, packaging, brochures, advertisements, literature, promotions, displays, catalogs, and all other matter in the custody or under the control of Defendants bearing its Infringing Marks or any confusingly similar marks;

E. That Defendants be ordered to recall from all customers, vendors, sales people, and authorized agents all materials, including but not limited to, product packaging, brochures, advertisements, promotions, yard signs, decals, and all other matter bearing Defendants' Infringing Marks.

F. That Defendants be ordered to notify all customers, vendors, sales people, and authorized agents of this Judgment;

G. Surrender and transfer to Plaintiff all domain names and/or social media accounts containing the Infringing Marks or Plaintiff's Marks, including all formative variations,

or any other names, marks or slogans;

H. That, pursuant to 15 U.S.C. § 1116, Defendants be directed to file with this Court and to serve on Plaintiff, within thirty (30) days after entry of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

I. That Defendants be directed to provide a complete accounting to Plaintiff for any and all profits realized from the sale of services bearing Defendants' Infringing Marks from inception through the date of the injunction;

J. That Plaintiff be awarded actual compensatory damages and punitive damages, including but not limited to, Defendants' profits and Plaintiff's damages, in an amount to be determined at trial;

K. That Defendants be ordered to pay treble damages pursuant to 15 U.S.C. § 1117 for its knowing, intentional, and willful violations of federal law;

L. That Plaintiff be awarded all reasonable attorneys' fees, costs and disbursements incurred by it as a result of this action, pursuant to 15 U.S.C. § 1117(a) and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/3;

M. That Plaintiff be awarded any such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues triable of right by jury.

Dated: July 15, 2019

Respectfully submitted,

WAHL CLIPPER CORPORATION

/s/ Daniel P. Albers
Daniel P. Albers
Grant H. Peters
Monica J. Stover
**BARNES & THORNBURG LLP**
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
Telephone: 312-357-1313
Facsimile: 312-759-5649

Attorneys for the Plaintiff

DMS 14617453v1

# United States of America

## United States Patent and Trademark Office

# MANSCAPER

**Reg. No. 3,686,397**
Registered Sep. 22, 2009

WAHL CLIPPER CORPORATION (ILLINOIS CORPORATION)
2900 NORTH LOCUST STREET
STERLING, IL 610810578

**Int. Cl.: 8**

FOR: ELECTRIC HAIR CLIPPERS, ELECTRIC HAIR TRIMMERS AND ELECTRIC SHAVERS, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

**TRADEMARK
PRINCIPAL REGISTER**

FIRST USE 7-6-2009; IN COMMERCE 7-6-2009.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 76-646,327, FILED 9-7-2005.

BRENDAN MCCAULEY, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

Exhibit A



Exhibit B















Case: 1:19-cv-04733 Document #: 1 Filed: 07/15/19 Page 22 of 48 PageID #:1









# THE COMPLETE MANSCAPING KIT
# FOR SPECTACULAR RESULTS



    

## THE PERFECT PACKAGE 2.0



★★★★★ (51)

This Perfect Package Kit covers the essentials when it comes to manscaping needs for the modern man. It features the must-have Manscaped precision-engineered tools, unique formulations, and accessories for a simple and effective manscaping routine.

**FREE GIFT:**
• **THE SHED** - travel storage bag $39.99 value

ORDER OPTIONS:

| ■ PERFECT PACKAGE 2.0 – PEAK HYGIENE PLAN | $74.99 ($127 value) |
| FREE SHIPPING | |

• $74.99 today

• $14.99 replacement blade refills for the Lawn Mower 2.0 trimmer every 3 months after. NO COMMITMENT, CANCEL ANYTIME.

| PERFECT PACKAGE 2.0 | $79.99 ($127 value) |



- 1 +

**MANSCAPED**

• FATHER'S DAY SPECIAL | FREE SHED TRAVEL BAG → FREE SHIPPING WITH PERFECT PACKAGE 2.0 ORDER.

PRODUCTS | REPLENISH PLANS | SIGN IN











# THE NUTS & BOLTS 2.0 SET

★★★★★ (11)

This set covers the bare essentials when it comes to below the waist manscaping needs. It features our must-have precision-engineered electric trimmer, our uniquely formulated ball deodorant & moisturizer, and the very handy grooming mat for a simple, effective and mess free manscaping routine.

ORDER OPTIONS:

**THE NUTS & BOLTS 2.0 –**
**PEAK HYGIENE PLAN**                   $54.99
                                         ($94 value)
• $54.99 today
• $19.99 replacement blade refills for the Lawn Mower 2.0 trimmer every 3 months   FREE SHIPPING
after. NO COMMITMENT. CANCEL ANYTIME.

**THE NUTS & BOLTS 2.0**                 $69.99
                                         ($94 value)

**ADD TO CART**                          −  1  +

 30 DAY MONEY-BACK GUARANTEE



MANSCAPED      PRODUCTS    REPLENISH PLANS     SIGN IN

## MANSCAPED COMMERCIALS

Share our videos with friends and family on social media to help Manscaped go viral!



SHARE: 



SHARE: 



SHARE: 



SHARE: 



SHARE: 



SHARE:



SHARE: 



SHARE: 



SHARE: 

Exhibit C











Exhibit D









# BARNES & THORNBURG LLP

http://www.btlaw.com

One North Wacker Drive
Suite 4400
Chicago, IL 60606-2809

Switchboard: (312) 357-1313
Fax: (312) 759-5646
Direct Dial: (312) 214-8332
E-mail: dalbers@btlaw.com

Daniel P. Albers

April 4, 2019

Via Email and Certified Mail Return Receipt
Requested: (legal@manscaped.com &
steve@manscaped.com)

Mr. King, CEO
Manscaped LLC
9240 Trade Pl., Suite 100
San Diego, CA 92126

  Re:  Manscaped, LLC's trademark registration for MANSCAPED REFINING THE
     GENTLEMAN and infringing use of MANSCAPED
     Reg. No. 5,569,524, Class 003
     <u>Our File No. 50784-293512</u>

Dear Mr. King:

We are counsel for Wahl Clipper Corporation ("Wahl") in connection with the protection and
enforcement of its intellectual property rights, including its trademarks. As you should know, Wahl
is the owner of the following federal trademark registration:

- MANSCAPER – U.S. Registration No. 3,686,397, registered 09-22-2009, for electric hair
clippers, electric hair trimmers and electric shavers in Class 8
(the "MANSCAPER Registration").

Moreover, Wahl's common law rights and use of the MANSCAPER Mark in connection with
clippers, trimmers, and shavers related goods dates back to at least as early as July 2009.

Pursuant to 15 U.S.C. § 1072, Wahl's trademark registration constitutes constructive notice
throughout the United States of its claim of ownership of the registered mark and, pursuant to 15
U.S.C. § 1057(b), constitutes *prima facie* evidence of the validity of the registered mark. A copy of
Wahl's federal trademark record is available via the United States Patent and Trademark Office
website. You likely found Wahl's MANSCAPER Registration when conducting your preliminary
trademark search before filing your trademark application, and therefore you have been aware of the
risk associated with this matter for some time.

It has come to Wahl's attention that Manscaped, LLC ("Manscaped") recently registered the mark
MANSCAPED REFINING THE GENTLEMAN, U.S. Registration No. 5,569,524, for *After-shave;*
*After-shave balms; After-shave creams; After-shave emulsions; After-shave lotions; Aftershave*
*preparations; Anti-aging moisturizer; Cosmetic preparations; Exfoliant creams; Facial moisturizer*
*with SPF; Moisturizing body lotions; Non-medicated skin care preparations; Pre-shaving*

April 4, 2019
Page 2

---

*preparations; Shaving balm; Shaving cream; Shaving lotions; Shaving soap; Shaving spritz in the nature of a moisturizing solution for shaving; Shaving preparations; Skin toners* in Class 3 (the "Manscaped Mark"). See attached **Exhibit A**.

Our investigation has also revealed that beyond the above shaver related goods, Manscaped uses the Manscaped Mark and MANSCAPED in connection with *electric hair trimmer and shaving related goods*. See https://www.manscaped.com and screenshots from Manscaped's website below:



April 4, 2019
Page 3



The Manscaped Mark is highly similar in appearance and sound and the word MANSCAPED is essentially identical in all respects, including commercial impression, to Wahl's MANSCAPER Registration. The additional language in Manscaped's Manscaped Mark fails to distinguish the mark from Wahl's MANSCAPER Registration. In fact, the Manscaped Mark has a virtually identical dominant portion of Wahl's Registration—that is, the beginning term MANSCAPED, which renders the mark highly similar in sound and appearance. This also conveys a nearly identical commercial impression as Wahl's MANSCAPER, particularly when considered in connection with the identical trimmers and overlapping shaving related goods, which are marketed and sold through identical channels of trade. Wahl has extensive worldwide sales through traditional bricks-and-mortar stores, as well as online.

As you may know, the test for trademark infringement is whether confusion is likely in the minds of the relevant consumers. Manscaped's use of its mark in connection with the identical goods is highly likely to cause confusion as to a sponsorship or affiliation of Manscaped's business by or with Wahl's business and products, thus constituting trademark infringement. In order to protect Wahl's trademark rights, we must insist that Manscaped cease using MANSCAPED, The Manscaped Mark, and any confusingly similar variations thereof, in connection with goods and services similar or identical to those protected by Wahl under its aforementioned MANSCAPER Registration.

Wahl's preference is to resolve this matter amicably. As such, we ask that Manscaped acknowledge its understanding of Wahl's trademark rights and demonstrate this by agreeing to the following requests:

April 4, 2019
Page 4

---

1. Immediately file an express abandonment of the U.S. registration for MANSCAPED REFINING THE GENTLEMAN (Reg. No. 5569524);

2. Send us verification of the abandonment;

3. Agree to not file any applications including "MANSCAPED", "MANSCAPED REFINING THE GENTLEMAN" or any mark that is likely to cause confusion with Wahl's Registration;

4. Cease all uses of "MANSCAPED", "MANSCAPED REFINING THE GENTLEMAN" and any similar variations, in all forms and all media;

5. Agree to reimburse Wahl for its attorney's fees in connection with having to enforce its Registration due to the willful infringement of Wahl's MANSCAPER Registration; and

6. Deplete or destroy all materials using this mark or any confusingly similar mark within three (3) months, and provide written confirmation of the same once all materials have been depleted or destroyed.

We ask that you provide us with written confirmation, no later than **April 8, 2019**, of Manscaped's agreement to the above, including immediately ceasing use of the MANSCAPED REFINING THE GENTLEMAN Mark, MANSCAPED, and any variations thereof as described above.

We look forward to working with you to amicably resolve this issue, however, Wahl cannot indefinitely tolerate infringement of its trademarks and it reserves all rights to take legal steps in response to your improper use of its marks, including, but not limited to, pursuing cancellation of the MANSCAPED REFINING THE GENTLEMAN registration and an infringement action, if necessary.

We look forward to hearing from you before the aforementioned **April 8, 2019** date. The requests contained in this letter are without prejudice to any action or demand which may be made on behalf of Wahl in the event that further action is required to address this matter.

Very Truly Yours,

BARNES & THORNBURG LLP

Daniel P. Albers

DPA/mjs
cc:   Wahl Clipper Corporation
      Monica J. Stover
      Grant H. Peters

DMS 14304522v1

# United States of America

## United States Patent and Trademark Office

## MANSCAPED REFINING THE GENTLEMAN

**Reg. No. 5,569,524**

**Registered Sep. 25, 2018**

**Int. Cl.: 3**

**Trademark**

**Principal Register**

MANSCAPED LLC  (CALIFORNIA LIMITED LIABILITY COMPANY)
235 N. Rios Ave.
Solana Beach, CALIFORNIA 92075

CLASS 3: After-shave; After-shave balms; After-shave creams; After-shave emulsions; After-shave lotions; Aftershave preparations; Anti-aging moisturizer; Cosmetic preparations; Exfoliant creams; Facial moisturizer with SPF; Moisturizing body lotions; Non-medicated skin care preparations; Pre-shaving preparations; Shaving balm; Shaving cream; Shaving lotions; Shaving soap; Shaving spritz in the nature of a moisturizing solution for shaving; Shaving preparations; Skin toners

FIRST USE 8-1-2017; IN COMMERCE 8-1-2017

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "MANSCAPED"

SER. NO. 87-786,295, FILED 02-06-2018

Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

- ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at h ttp://www.uspto.gov.**

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at http://www.uspto.gov.**



2. Article Number

7196 9008 9111 6970 1762

3. Service Type  CERTIFIED MAIL™

4. Restricted Delivery? (Extra Fee)    ☐ Yes

1. Article Addressed to:
Mr. Filip, CEO
Ivanscaped LLC
9240 Trade Pl., Suite 100
San Diego, CA 92126
US

PS Form 3811, January 2005        Domestic Return Receipt

CERT00089941

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)    B. Date of Delivery

C. Signature
X                                    ☐ Agent
                                     ☐ Addressee

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

50764 39351 13193

**UNITED STATES POSTAL SERVICE®**

PRINT YOUR NAME, ADDRESS AND ZIP CODE™ BELOW

First Class Mail®
US Postage Paid
Permit No. G - 10

**BARNES & THORNBURG LLP**
**SUITE 1000**
**171 MONROE AVE NW**
**GRAND RAPIDS MI  49503-2694**

# LAW OFFICES OF DARREN J. QUINN
### ATTORNEYS

DARREN J. QUINN
e-mail: DQ@DQLAW.COM

12702 VIA CORTINA, SUITE 105
DEL MAR, CALIFORNIA 92014
TELEPHONE (858) 509-9401
FACSIMILE (858) 509-9411

April 5, 2019

VIA EMAIL
Daniel P. Albers
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606-2809

Re: Manscaped, LLC's trademark registration for MANSCAPED REFINING
THE GENTLEMAN

Dear Mr. Albers:

This letter responds to your letter dated April 4, 2019 to Manscaped, LLC ("Manscaped")
regarding its registered trademark MANSCAPED REFINING THE GENTLEMAN, U.S.
Registration No. 5,569,524. Manscaped's registration states, in part: "No claim is made to the
exclusive right to use the following apart from the mark as shown: 'MANSCAPED'"

You state that your client Wahl Clipper Corporation ("Wahl") owns the registered
trademark MANSCAPER for electric hair clippers, electric hair trimmers and electric shavers in
Class 8, U.S. Registration No. 3,686,397 and that it is presumed to be valid. Assuming the
validity of your client's MANSCAPER trademark, your letter requests that my client:

1. Immediately file an express abandonment of the U.S. registration for MANSCAPED
REFINING THE GENTLEMAN (Reg. No. 5569524);
2. Send us verification of the abandonment;
3. Agree to not file any applications including "MANSCAPED", "MANSCAPED
REFINING THE GENTLEMAN" or any mark that is likely to cause confusion with
Wahl's Registration;
4. Cease all uses of "MANSCAPED", "MANSCAPED REFINING THE
GENTLEMAN" and any similar variations, in all forms and all media;
5. Agree to reimburse Wahl for its attorney's fees in connection with having to enforce its
Registration due to the willful infringement of Wahl's MANSCAPER Registration; and
6. Deplete or destroy all materials using this mark or any confusingly similar mark within
three (3) months, and provide written confirmation of the same once all materials have
been depleted or destroyed.

Respectfully, my client declines your requests because it is clear that Wahl's
MANSCAPER mark is clearly "generic" and subject to cancellation under 15 U.S.C.S. §1064(3)
because MANSCAPER has "become[] the generic name for the goods or services, or a portion
thereof, for which it is registered."

Exhibit F

Page 2

The Trademark Office has repeatedly denied registration for MANSCAPE or MANSCAPES on the ground that those words are the generic or descriptive name for the goods or services. For instance, the Trademark Office refused registration of MANSCAPES (Serial No. 86393983) on the ground the claimed mark was descriptive and generic:

> *The term MANSCAPE refers to the action or service of removing excess body hair via waxing, shaving, or plucking*. The *examining attorney refers to the attached dictionary definition and printouts of third party articles and webpages showing the significance of the term Manscape*. See attached. The applicant is providing waxing and grooming services to remove hair from men, or manscaping services.
>
> *Since MANSCAPE is a descriptive term of art in the relevant industry, the term is merely descriptive* within the meaning of Section 2(e)(1) of the Trademark Act because the average prospective purchaser of the service, when encountering the mark in connection with the services, would immediately perceive a feature of the services. In re Omaha National Corporation 2 USPQ2d 1859 (Fed. Cir. 1987).
>
> *In addition to being merely descriptive, the applied-for mark may be generic in connection with the identified services and, therefore, incapable of functioning as a source-identifier for applicant's services. In re The Am. Acad. of Facial Plastic & Reconstructive Surgery*, 64 USPQ2d 1748 (TTAB 2002); *In re A La Vieille Russie, Inc.*, 60 USPQ2d 1895 (TTAB 2001); see TMEP §§1209.01(c) et seq., 1209.02(a). Under these circumstances, neither an amendment to proceed under Trademark Act Section 2(f) nor an amendment to the Supplemental Register can be recommended. See TMEP §1209.01(c).
>
> For the foregoing reasons *the wording of the mark merely describes a feature or characteristic of the goods and/or services being offered*. Accordingly, registration is refused under Section 2(e)(1) of the Act.

(Emphasis added). Similarly, the Trademark Office also refused registration of the mark MANSCAPE (Serial No. 86534628) for similar reasons:

> *In this case, the mark wording identifies a purpose or use of the identified goods, namely, to remove and/or trim body hair on a male*. (See attached dictionary entry from www.wordnik.com, as well as attached web page screen captures from www.howcast.com, http://manpacks.com, www.whdh.com, and http://enlightenme.com. See also attached news excerpts from www.lexis.com in which the term is used descriptively.)

(Emphasis added). Likewise, the Trademark Office refused registration for MANSCAPE (Serial No. 85907759):

Page 3

Here, the applicant seeks to register the mark MANSCAPE for "non-medicated men's grooming products, namely, shampoos, conditioners, hair styling gel, body wash, shaving foam, after-shave gel and lotion, body spray." ***Please see the attached dictionary definitions of the term "manscape," ("to remove (unwanted body hair other than scalp hair) by waxing, shaving, etc.," Dictionary.com; "the removal or trimming of hair on a man's body for cosmetic effect," Oxford Dictionary Online); as well as the online usage examples showing the term used in news articles and blog discussions.*** This evidence demonstrates that the ***relevant consumer would immediately understand from the mark the intended use of the applicant's men's grooming products.*** Therefore, the mark is descriptive of the goods, and registration is refused under Trademark Act §2(e)(1).

(Emphasis added). Further, the Trademark Office refused registration for MANSCAPES (Serial No. 85597890) for similar reasons:

The applied-for mark is "MANSCAPES" for Cosmetics. ***The wording "manscapes" is commonly used to denote hair removal for men.*** See the attached printout from http://www.urbandictionary.com. ***Accordingly, the applied-for mark immediately conveys the idea that applicant's goods are for use with hair removal.*** In fact, applicant's identification of goods for "cosmetics" is broadly identified to encompass cosmetics for hair removal. For this reason, the applied-for mark merely describes a presumed function and purpose of applicant's goods.

***In order to demonstrate that the term "MANSCAPES" is commonly used to describe hair removal, the examining attorney has attached internet evidence from the following web pages***: http://thegloss.com/beauty/3-reasons-your-man-should-manscape/; http://www.askmen.com and http://earlystart.blogs.cnn.com/2012/05/17/morgan-spurlock-looks-at-the-pressure-for-men-to-look-good-in-new-documentary-mansome/. See also the attached web pages from http://www.ulta.com/ulta/browse/category.jsp?categoryId=cat110012&brandId=25300; http://www.ewg.org/skindeep/product/100832/Parissa_Tea_Tree_Wax_Strips_For_Men/ and http://www.pakcosmetics.com/brand/Veet/Veet/Veet-for-Men-Hair-Removal-Wa-Strips.html demonstrating that cosmetics are commonly used for hair removal.

***Based on the attached internet evidence and applicant's identification of goods, the applied-for mark "MANSCAPES" merely describes a purpose and use of applicant's goods.*** For this reason, registration is refused under Section 2(e)(1) of the Trademark Act.

(Emphasis added).

Page 4

I supplement the Trademark Office's long list of dictionary definitions of "manscape" or "manscaping" with the following:

Definition of manscaping:

the trimming or shaving of a man's body hair so as to enhance his appearance

https://www.merriam-webster.com/dictionary/manscape#h1

manscape

to remove or cut a man's body hair in order to improve his appearance

https://dictionary.cambridge.org/us/dictionary/english/manscape

manscape

to carry out manscaping (=male grooming that involves the removal of body hair, eyebrow shaping etc)

https://www.macmillandictionary.com/us/dictionary/american/manscape

I am encouraged that your letter states: "Wahl's preference is to resolve this matter amicably." To avoid the cost of my client obtaining a declaration that your client's MANSCAPER mark is generic, I suggest an agreement that provides:

1.   Our respective clients will not challenge each other's registered trademarks;
2.   Our respective clients will not assert trademark infringement or unfair competition claims based upon the other's use of any form of "manscap" (including manscaped, manscaping, manscape and manscaper);
3.   Our respective clients will bear their own costs and attorney fees;
4.   In the event either of our respective clients has a dispute with the other, no litigation will be filed until attempting to resolve the dispute informally first.

To avoid litigation by Manscaped, please provide me your client's response by no later than **Friday, April 12, 2019**.

Very truly yours,

/s Darren J. Quinn

Darren J. Quinn

**From:** Darren Quinn <dq@dqlaw.com>
**Date:** April 6, 2019 at 2:47:10 PM CDT
**To:** Daniel.Albers@btlaw.com
**Subject:** [EXTERNAL]Manscaped - Response to Wahl Letter
**Reply-To:** dq@dqlaw.com

Daniel:

Please see attached letter.

Best regards.

Darren Quinn
858-509-9401